**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Nurul Islam,

    Petitioner,

v.

Unknown Party, et al.,

    Respondents.

No. CV-26-00333-PHX-MTL (DMF)

**ORDER**

This case involves a petition for habeas corpus under 28 U.S.C. § 2241. Petitioner, who has entered the United States illegally, alleges that the duration of Petitioner's detention violates the United States Constitution. On its face, the petition fails to state a basis for relief. It will be denied.

**I.**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government cannot effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the

Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* From that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## II.

The petition itself contains contradictory allegations about when the 90-day removal period begins. At one point, it says that "Petitioner was granted asylum and withholding of removal . . . on December 11, 2025." (Doc. 1 ¶ 3) "The appeal deadline was January 12, 2026. Respondent did not file an appeal; therefore, Petitioner's grant of relief is final." (*Id.*) But a few paragraphs later, the petition asserts, "[b]ecause there is no final order of removal and no lawful immigration purpose justifying confinement, Petitioner's ongoing civil detention is arbitrary and unconstitutional." (*Id.* ¶ 7) This contradiction notwithstanding, even granting that the order granting asylum and withholding of removal was final on January 12, 2026, Petitioner's status is still within the 90-day mandatory detention period established by 8 U.S.C. § 1231(a)(2). *See generally Zadvydas*, 533 U.S. 678.

Thus, Petitioner's detention is not unreasonable as a matter of law. The petition will be dismissed without prejudice. Petitioner is advised that the petition may be refiled if detention continues beyond the mandatory period and there is a good-faith basis to assert that it is unlawful.

Another reason for denying the petition is that it is not signed by Petitioner. The petition must be signed under penalty of perjury. See 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose

relief it is intended or by someone acting in his behalf. . . ."); LRCiv 3.5(a); Fed. R. Civ. P. 11(a). An unsigned pleading must be stricken unless omission of the signature is corrected promptly after being called to the attention of the party. Fed. R. Civ. P. 11(a). Petitioner is advised that any future filing must be signed according to these rules.

Petitioner is also advised to proofread documents carefully. The Court notes an error in the venue allegation at Paragraph 18. This allegation incorrectly states that venue is appropriate "in the United States District Court for the Western District of Louisiana, the judicial district in which Petitioner is currently detained." But elsewhere the petition alleges that Petitioner is detained "at the Florence Correctional Center" in Arizona. (Doc. 1 ¶ 13) While it is tempting to copy-and-paste material from similar petitions, the author should exercise care and caution because mistakes like this do not reflect well on the quality of the final work product.

**IT IS THEREFORE ORDERED** that the Petition (Doc. 1) is **DENIED without prejudice**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 22nd day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 3 -